UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WADE A. ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-01642 (ESH) |
| | ) | |
| WILLIAM C. CARTINHOUR, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is defendant/counter-plaintiff Cartinhour's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. In particular, Cartinhour seeks $5267.50 in fees related to three filings by plaintiff/counter-defendant Robertson: 1) the motion to quash Cartinhour's subpoena to Charles Schwab [Dkt. 43]; the motion for reconsideration of the Court's Order granting Cartinhour leave to amend his counter-complaint [Dkt. 56]; and 3) the counter-counter-complaint [Dkt. 53].

The Court finds that defendant/counter-plaintiff did not meet the procedural requirements of Rule 11,[1] and therefore it denies plaintiff's motion for sanctions under this rule. However, Cartinhour also seeks damages under § 1927, which "recognizes by statute a court's power to

---

[1] Rule 11 requires counsel seeking sanctions to separately serve a motion for sanctions on an opposing party pursuant to Rule 5, "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). There is no evidence that Cartinhour served Robertson with a motion for sanctions prior to filing it with the Court or that Robertson was allowed a sufficient opportunity to withdraw the papers to which Cartinhour objected.

1

assess attorney's fees against an attorney who frustrates the progress of judicial proceedings." *United States v. Wallace*, 964 F.2d 1214, 1218 (D.C. Cir. 1992); *see also* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). "The decision to award attorney's fees under [§ 1927] is committed to this Court's discretion," *Newborn v. Yahoo! Inc.*, 437 F. Supp. 2d 1, 9 (D.D.C. 2006), but "[t]he party moving for sanctions and fees bears the burden of showing that opposing counsel acted at least recklessly." *Inversora Murten, S.A. v. Energoprojekt Holding Co.*, 671 F. Supp. 2d 152, 156 n.1 (D.D.C. 2009). "The law of this circuit. . . is unsettled over whether a court must find an attorney's actions to be in bad faith before imposing sanctions," but "at minimum. . . unintended, inadvertent, and negligent acts will not support an imposition of sanctions under section 1927." *Wallace*, 964 F. 2d 1218-19 (quoting *Cruz v. Savage,* 896 F.2d 626, 631 (1st Cir. 1990)); *see also LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 905 (D.C. Cir. 1998) ("This court has not yet established whether the standard for imposition of sanctions under 28 U.S.C. § 1927 should be 'recklessness' or the more stringent 'bad faith.'"); *Mims v. BCE, Inc.,* No. 03-2203, 2009 WL 464263, at *2 (D.D.C. Feb. 24, 2009) (violation of § 1927 "occurs when a lawyer's conduct goes beyond mere negligence and carelessness and is reckless in light of the circumstances").

The Court finds that the decision of Robertson's counsel to move to quash documents he and his client had agreed to produce during an earlier hearing was reckless and in bad faith. (Tr., Jan. 11, 2010, at 50-52 (counsel for Robertson stating that the parties would "work together" to get financial information from banks and that they would "touch base with some of the financial institutions" in order to obtain documents to further settlement discussions)). Robertson's

2

argument that the subpoena was "overly broad" because it sought documents from August 2004 to February 2010, rather than September 2004 to February 2010, is unavailing. There is no suggestion that counsel for Robertson attempted to work with opposing counsel to narrow the subpoena in this minor way or made any effort to avoid filing the motion to quash, thereby necessitating a response by Cartinhour and escalating costs and expenses.

Robertson's motion to reconsider the Court's order allowing Cartinhour to amend his complaint, on the grounds that the Court no longer had jurisdiction over the case because Robertson had appealed the Court's denial of his motion to dismiss, was similarly reckless. Case law in this jurisdiction is crystal clear that "orders denying motions to dismiss are not final [appealable] decisions because such orders ensure that litigation will continue in the district court." *See Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 333 F.3d 250, 253 (D.C. Cir. 2003). And the Court is obliged to "freely give leave" to a party seeking to amend his complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The filing of this motion to reconsider frustrated the progress of the proceedings and necessitated responses from opposing counsel and this Court. (Mem. Op., Mar. 5, 2010, at 14-15.) Because the Court finds that counsel should have known that such a motion was unreasonable in light of prevailing precedent, sanctions under § 1927 are justified.

For the reasons stated herein, the Court will award Cartinhour attorneys' fees for work his counsel performed relating to the motion to quash[2] and the motion for reconsideration.[3]

---

[2] The Court will award fees associated with the motion to quash filed before this Court. Although Robertson filed a second motion to quash in the district court in Maryland, the Court did not review that motion or the related briefing and cannot draw conclusions as to the recklessness and/or bad faith of counsel in filing it.

[3] The Court also finds that Robertson's counter-counterclaim was unreasonable and vexatious, as it contained little more than reiterations of plaintiff's original complaint and his motion to

3

Upon review of the declaration submitted by counsel for Cartinhour, including copies of billing statements, the Court finds that Cartinhour incurred costs of $1,887.00 as a result of the motion to quash and the motion for reconsideration. (Decl. of Patrick J. Kearney, Esquire, in Supp. of Mot. for Sanctions, Ex. A at 6, 8.) A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: May 17, 2010

---

dismiss, which the Court had denied. Moreover, to the extent plaintiff wished to add additional claims, he was required to seek amendment of his original complaint under Rule 15. However, the Court finds that sanctions under § 1927 are not warranted, based on its representations to counsel for Robertson, informing him that failure to withdraw the counter-counterclaim would result in sanctions. (Tr., Mar. 22, 2010, at 151-152.) Because counsel withdrew the counter-counterclaims, the Court will not impose sanctions based on this filing.