**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **WADE ROBERTSON,** | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| **v.** | ) | **Civil Action No. 09-1642 (ESH)** |
| **WILLIAM C. CARTINHOUR, Jr.** | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |

## ORDER

Before the Court is Robertson's motion to "stay the entry of judgment on the verdict until the Court of Appeals has issued its decision on the pending interlocutory appeal which includes the issue of the statute of limitations defense." (Robertson Supp. Mem., Feb. 24, 2011 [dkt. #163-1].) For the reasons stated herein, the motion is denied.

The interlocutory appeal presently pending before the Court of Appeals is Robertson's challenge to the Court's March 26, 2010 Order granting Cartinhour's motion for a preliminary injunction and sequestering Robertson's funds. Robertson has challenged the preliminary injunction on a number of grounds, one of which is that this Court erred in finding a likelihood of success on the merits because all of Cartinhour's claims are time-barred. According to Robertson, this Court must now wait until the "the Court of Appeals has returned its answer (and the mandate) on whether or not all of Dr. Cartinhour's claims are barred as a matter of law as untimely." (Robertson Supp. Mem. at 3.)

As this Court has previously explained, Robertson's interlocutory appeal did not divest it of jurisdiction to proceed with the merits of the case:

> "The filing of a notice of appeal, including an interlocutory appeal, 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'" *US v. DeFries*, 129 F.3d 1293, 1302-03 (D.C. Cir. 1997) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). "When an appeal is taken from an interlocutory order, such as the grant or denial of an injunction, however, the district court retains jurisdiction to act with respect to matters not related to the issues involved in the appeal or when a district court's action would aid in the appeal." *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35 (D.D.C. 1994) (deciding motion to dismiss after granting preliminary injunction); *see also Decatur Liquors, Inc. v. Dist. of Columbia*, No. 04-1971, 2005 WL 607881, at *3 (D.D.C. Mar. 16, 2005) (considering motion to dismiss during appeal of preliminary injunction); 11A Wright and Miller, Federal Practice and Procedure § 2962 (2d ed. 1995) ("An appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending.").

(Minute Order, Mar. 29, 2010.) Indeed, the Court of Appeals has denied Robertson's repeated requests to stay this Court's proceedings. *See, e.g.*, *Order*, *Robertson v. Cartinhour*, No. 10-7033 (D.C. Cir. Oct. 19, 2010) (denying motion for order in aid of appellate jurisdiction and noting that "[t]his court has previously denied appellant's earlier motions for stay, and the district court's setting of a date for trial on the merits does not warrant the filing of yet another stay motion"); *see* 11A Wright and Miller, Federal Practice and Procedure § 2962 (2d ed. 1995) ("The only restriction on the trial court's power occurs if the appellate court enters an order staying the lower court until the [interlocutory] appeal has been completed.").[1]

Accordingly, this Court proceeded with a trial on the merits. The jury decided the statute of limitations issue adversely to Robertson and awarded Cartinhour $3.5 million in compensatory damages and $3.5 million in punitive damages. The pending interlocutory appeal

[1]Robertson's counsel has kept the Court of Appeals fully informed as to the progress of the case in the district court. *See, e.g.*, Emergency Notice Regarding Events in the Trial Court, *Robertson v. Cartinhour*, No. 10-7033 (D.C. Cir. Feb. 3, 2011); Corrected Notice Regarding Events in the Trial Court, *Robertson v. Cartinhour*, No. 10-7033 (D.C. Cir. Feb. 7, 2011).

does not limit this Court's power to enter judgment on that verdict.

Accordingly, it is hereby

**ORDERED** that Robertson's motion to stay entry of judgment on the jury verdict pending a decision from the Court of Appeals on Robertson's challenge to the preliminary injunction is **DENIED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: February 25, 2011