UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WADE A. ROBERSTON, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> WILLIAM C. CARTINHOUR, JR., <br><br> Defendant/Counter-Plaintiff | Civil Action No. 1:09-cv-01642-ESH |

### SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF
### MOTION TO SUBSTITUTE PARTY AND RENEW JUDGMENT

The Estate of William C. Cartinhour, Jr. ("Estate"), through its Personal Representative Frederick E. Edwords ("Mr. Edwords" or the "Personal Representative"), pursuant to the Court's Order dated January 12, 2024 ("Order"), *see generally* [ECF No. 247], hereby responds to the Court's request for supplemental briefing related to Mr. Edwords' Motion to Substitute Party and Renew Judgment ("Motion"), *see generally* [ECF No. 244], and, as such, states the following:

1. In its Order, the Court largely agreed with the arguments set forth in the Motion seeking substitution and renewal, but identified an unaddressed issue related to Mr. Edwords' status as a foreign personal representative in the District of Columbia. As the Court explained:

> D.C. law requires "[a] foreign personal representative administering an estate which has property located in the District of Columbia [to] file with the Register [of Wills] a copy of the appointment as personal representative and a copy of the decedent's will." D.C. Code § 20-341(b). The record does not reflect whether Edwords has taken this step, nor has Edwords or Robertson addressed the questions of (1) whether that requirement applies to this

> case; (2) whether Edwords has, in fact, made such a filing; and (3) whether such a filing is a necessary precondition to empowering a foreign personal representative to act within the jurisdiction, such that any act taken prior to the filing should be treated as a nullity, or instead that such a filing is a regulatory obligation that exists separate and apart from the representative's authority to act.

*See* [ECF No. 247] at 5-6. Because the parties did not address these three questions raised by the Court regarding the application of D.C. Code § 20-341(b) to the relief sought in the Motion, the Court reserved ruling on whether to substitute Mr. Edwords as a party in this matter "pending further briefing and factual submission." *See id*. at 6.

    2.    Mr. Edwords now responds *seriatim* to the Court's questions posed by the Court. *First*, while claims seeking and obtaining money judgments, such as the one being sought for renewal here, have traditionally been considered *in personam* proceedings, *Hegarty v. Luff*, 169 F. Supp. 873, 876 (D.D.C. 1958), after examination prompted by the Court's Order, the filing requirement in D.C. Code § 20-341(b) appears to apply in this case. To explain, "property" for purposes of § 20-341(b) is defined to include "both real and personal property and any interest in such property that is owned by the decedent and that does not pass at the time of the decedent's death to another person by the terms of the instrument under which it is held, or by operation of law." *See* D.C. Code Ann. § 20-101(l). District of Columbia law treats a judgment as a property interest. *K.C. Enter. v. Jennings*, 851 A.2d 426, 427 & n.1 (D.C. 2004). Additionally, this Court has indicated that a cause of action possessed by the decedent qualifies as "property" triggering the filing requirement in § 20-341(b). *Est. of Scherban v. Suntrust Bank*, No. CV 15-1966 (JEB), 2016 WL 777913,

at *2 (D.D.C. Feb. 26, 2016); *Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*, 693 F. Supp. 2d 4, 17 (D.D.C. 2010).

*Second*, under the assumption that § 20-341(b) indeed applies, Mr. Edwords has initiated the process to open a foreign estate before the D.C. Office of the Register of Wills. That process, which may take several weeks to complete, requires: (a) application for, and receipt of, exemplified copies of Dr. Cartinhour's Will and Mr. Edwords' Letters of Administration from the Register of Wills for Montgomery County, Maryland; (b) filing those exemplified copies with the D.C. Register, along with the customary forms required to open a foreign estate; (c) satisfying the publication requirements of the D.C. Register; and (d) appointing a resident agent within the District. This process will likely take several weeks to be completed, particularly since the publication requirements set forth in § 20-343 require publication for three successive weeks.

*Third*, acts taken by a foreign personal representative before filing under § 20-341(b) are not a "nullity." Rather, a failure to file under § 20-341(b) is "a procedural oversight" that is "curable" within a period designated by the Court. *See Est. of Manook*, 693 F. Supp. 2d at 17 (granting putative foreign personal representative 14 days to file appointment documents in accordance with § 20-341(b)). Since the accomplishment of opening a foreign estate will satisfy any prerequisite under § 20-341(b) to allow for his substitution for Dr. Cartinhour in the above-captioned matter, Mr. Edwords anticipates updating the Court of his progress in doing so in the reply brief required under the Order, and respectfully asks that the

Court continue to reserve on this issue until such time as the process for opening a foreign estate with the D.C. Office of the Register of Wills is completed.

Dated: January 31, 2024   Respectfully submitted,

/s/ *Christopher Macchiaroli*
Christopher Macchiaroli (Bar No. 491825)
SILVERMAN THOMPSON SLUTKIN WHITE, LLC
1750 K Street, NW, Suite 810
Washington, DC 20006
(202) 539-2444
cmacchiaroli@silvermanthompson.com

*Counsel for Frederick E. Edwords, Personal Representative of the Estate of William C. Cartinhour, Jr.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2024, a copy of the foregoing document was filed electronically in this Court, and thus served via the Court's electronic filing system, Case Management/Electronic Case Files (CM/ECF), upon all parties and counsel of record.

Dated: January 31, 2024    /s/ *Christopher Macchiaroli*
                                                Christopher Macchiaroli (Bar No. 491825)