## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

WADE ROBERTSON,

       Plaintiff / Counter-Defendant,

vs.

WILLIAM C. CARTINHOUR, JR.,

       Defendant / Counter-Plaintiff

----------------------------------------------------------

Civil Action No. **1:09-cv-01642** (ABJ)*


* (previously, ESH)

-----------------------------------------------------------------


## PLAINTIFF WADE ROBERTSON'S SUPPLEMENTAL BRIEF
## PURSUANT TO THE COURT'S JANUARY 31, 2024 ORDER [1] [DKT #248]
## IN FURTHER OPPOSITION TO THE MOTION TO SUBSTITUTE
## PARTY AND RENEW JUDGMENT [DKT #244]

WADE ROBERTSON [2]
P.O. Box 20185
Stanford, CA.  94309
Phone: (866) 845-6003
Email: lawfirm@onebox.com
*Plaintiff Pro Se* [2]

---

[1] Order by RANDOLPH  D. MOSS, United States District Judge
[2] *See* Minute Order, Docket at 03/22/2011

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES . . . . . iii

I.    RESPONSES TO THE QUESTIONS POSED PER THE ORDER . . . . . 1

1. *All* of the D.C. Code requirements for foreign estate probate proceedings in the District of Columbia *apply to this case*, including those in D.C. Code § 20-341(b). . . . . . 1

    A. <u>Under D.C. law</u> . . . . . 3

    B. <u>Prior decisions by this District Court are in accord</u> . . . . . 3

    C. <u>Maryland law is fully in accord, and recognizes that only District of Columbia law applies</u> . . . . . 4

2. Mr. Edwords has not, in fact, made any of the filings as required by D.C. law. . . . . . 5

    A. <u>Mr. Edwords has admitted that he has not made the required filings.</u> . . . . . 5

    B. <u>As of February 14, 2023, there still has been no probate estate case opened in the District of Columbia for William Cartinhour, based on any foreign estate, or otherwise.</u> . . . . . 5

    C. <u>The Maryland probate docket shows no recent activity; moreover, its records disavow the Maryland estate from a claim to the property of Cartinhour's D.C. judgment.</u> . . . . . 5

3. The filings required by D.C. law are indeed a necessary precondition to empowering a foreign personal representative to act within the jurisdiction of D.C. . . . . . 7

4. Any acts prior to the filings required by the D.C. Code are a nullity. . . . . . 8

## TABLE OF AUTHORITIES

PAGE(S)

<u>CASES</u>

*A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.,*
    62 F.3d 1454 (D.C. Cir. 1995)............................................................ 1

*Anderson v. Romero,*
    42 F. 3d 1121 (7th Cir. 1994)............................................................ 2

*Baker v. Cooper*,
    166 Md. 1, 170 A. 556 (1934).......................................................... 5

*Bullard v. Curry-Cloonan*,
    367 A.2d 127 (D.C. 1976) …………………………...……………….............. 4

*Conley ex rel. Est. of Kerr v. Ethex Corp.*,
    No. CIV.A. 10-1455, 2012 WL 32445 (W.D. Pa. Jan. 5, 2012)…................... 10

*Cristobal Alvarez, et al. v. Atlantic Richfield Company, et al.*,
    No. 2:17-CV-414-PPS-JEM, 2024 WL 514579 (N.D. Ind. Feb. 8, 2024)……. 2

*Douglas v. Lyles*,
    841 A.2d 1 (2004)…………..………………….…………………………...... 3

*Erie Railroad Co. v. Tompkins*,
    304 U.S. 64, 58 S.Ct. 817 (1938)…………………………………………... 1, 2

*Estate of Manook v. Research Triangle Institute*,
    693 F.Supp.2d 4 (D.D.C. 2010)…………………………………………. 3, 4, 10

*Grayson v. AT & T Corporation*,
    15 A.3d 219 (D.C. 2011)……………………………………………........... 9

*Guaranty Trust Co. v. York*,
    326 U.S. 99, 65 S.Ct. 1464 (1945)……………………………............... 10

*House v. Mitra QSR KNE LLC*,
    796 F. App'x 783 (4th Cir. 2019)……………………………………......... 9

*In re Est. of Monge*,
    841 A.2d 769  (D.C. 2004)……………………………………….................. 8

*Johnson v. Powers*,
    139 U.S. 156, 11 S.Ct. 525, 35 L.Ed. 112 (1891)…………………….............. 4

## TABLE OF AUTHORITIES (Continued)

PAGE(S)

**CASES**

*Langevine v. District of Columbia*,

    106 F.3d 1018 (D.C. Cir. 1997)…….…….…......…………….................. 1

*Randall v. State*,

    223 Md.App. 519, 117 A.3d 91 (2015)…….................................................. 4

*Richardson v. Green*,

    528 A.2d 429 (D.C. 1987)…….…....................................................... 3

*Worley v. Islamic Republic of Iran*,

    75 F. Supp. 3d 311 (D.D.C. 2014)...................................................... 9


**FEDERAL STATUTES**

28 U.S.C. § 2072……………………………………………………….…. 9

28 U.S.C. § 1652 … ……………………………………………………... 2


**FEDERAL RULES**

Rule 25, Federal Rules of Civil Procedure…………………………….... 1, 2

Rule 54, Federal Rules of Civil Procedure … ……………………………... 1

Rule 69, Federal Rules of Civil Procedure … …………………….……... 1, 2

Rule 82, Federal Rules of Civil Procedure … …………………………….... 9


**DISTRICT OF COLUMBIA STATUTES**

D.C. Code § 15-101……………………………………………………... 9

D.C. Code § 20–301……………………………….……….……………… 8

D.C. Code § 20-341…………………………………………... 1, 3, 7, 8, 9, 10

D.C. Code § 20-343…………………………………………………….. 8

D.C. Code § 20-344…………………………………………………….. 8, 9


**MARYLAND STATUTES**

Maryland Code § 7-201…………………………….…………………… 6

Maryland Code § 7-202…………………………….…………………… 6

Maryland Code § 7-224…………………………….…………………… 6

Maryland Code § 7-303…………………………….…………………… 7


**STATE RULES**

D.C. Superior Court Rules, Rule 427 ……….……….…………………  8, 9

Maryland Rules, Rule 6-417 ……………….…………………………...  7

iv

COMES NOW Plaintiff, Wade Robertson, appearing *pro se* (*see* Minute Order, Docket at 03/22/2011), and respectfully submits this supplemental briefing as ordered by the Court in its January 31, 2024 Order, Docket ("Dkt.") #248  ("Order").  Two Requests for Judicial Notice of state court probate records (D.C., and Maryland) are also concurrently filed herewith (separately docketed) in support of this supplemental brief and Robertson's Opposition, Dkt. #245.

Respectfully, Robertson is also separately filing a motion for reconsideration of the Order pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. Proc"), Rule 54(b). The January 31, 2024 Order is interlocutory, not final. *See Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997)  Respectfully, for the reasons stated therein, all matters in the separately filed Motion for Reconsideration should be considered with this supplemental briefing per the Order, Dkt. #248, and also in the final ruling on Mr. Edwords' Motion*, Dkt. #244 filed 02/17/23.

## I.   RESPONSES TO THE QUESTIONS POSED PER THE ORDER

**#1.  *All* of the D.C. Code requirements for foreign estate probate proceedings in the District of Columbia *apply to this case*, including those in D.C. Code § 20-341(b).**

The answer to the Court's first question is "yes," that particular provision of the D.C. Code applies. However, so too does the remainder of District of Columbia law.  For several reasons District of Columbia law applies to both Mr. Edwords' request to substitute into this case pursuant to Fed. Rule Civ. Proc. 25, and his attendant request that, upon substitution, Mr. Cartinhour's civil judgment then be renewed pursuant to Fed. Rule Civ. Proc. 69.

First, the underlying civil action was a diversity jurisdiction action, in which only state law claims were asserted. *See* Dkt. #1, & Dkt. #61.  Consequently, "[a] federal court sitting in diversity must apply state law to the substantive issues before it." *A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1458 (D.C. Cir. 1995) (citing *Erie Railroad Co. v. Tompkins*,

304 U.S. 64, 58 S.Ct. 817 (1938); Rules of Decision Act, 28 U.S.C. § 1652). "Although the District of Columbia is not a state, the principle unquestionably applies." *Id.*

Second, "Federal Rule of Civil Procedure 25 allows for timely substitution of a deceased party by the 'proper party,' but under *Erie*, **state law controls** whether a proposed replacement is a proper party. *See* Fed. R. Civ. P. 25(a)(1)" *Cristobal Alvarez, et al. v. Atlantic Richfield Company, et al.,* No. 2:17-CV-414-PPS-JEM, 2024 WL 514579 (N.D. Ind. Feb. 8, 2024) (citing *Erie, supra,* 304 U.S. 64; and *Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994)).

Third, Rule 69(a)(1) of the Federal Rules of Civil Procedure provides that with regard to judgments "the procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

Therefore, the Court must <u>first</u> apply District of Columbia law to determine whether Mr. Edwords is a "proper party" for substitution.  As discussed more fully below, only then, if substitution is allowed, does the Court turn to the second question of judgment renewal, whereupon the Court must again follow the "state" law of the District of Columbia.  Mr. Edwords has essentially conflated these two distinct issues by requesting both forms of relief in a single motion. Mr. Edwords' position is that he believes he is entitled to seek both forms of relief (i.e., substitution, and judgment renewal) because he has been appointed the personal representative of a Maryland probate estate for the deceased Mr. Cartinhour. However, he now <u>admits</u> in his Supplemental Brief, Dkt. #248, that he has <u>not</u> been appointed as a personal representative in the District of Columbia for Mr. Cartinhour's estate in D.C., and that he has not opened any foreign estate proceedings in the District of Columbia based upon his probate appointment in Maryland. *See* Supplemental Brief, Dkt. #248 at p.3, ¶2.

For reasons discussed below, the Maryland probate estate does not appear to provide Mr. Edwords the legal authority to make any probate application in D.C.  However, to address the Court's question, assuming *entirely arguendo* the Maryland appointment is effective to authorize administration of property in D.C., that still does not preclude the requirements of D.C. law.

A.  **Under D.C. law**:   In the District of Columbia, "[a] foreign personal representative administering an estate which has property located in the District of Columbia **shall** file with the Register a copy of the appointment as personal representative and a[n authenticated] copy of the decedent's will." D.C. Code § 20-341. (emphasis added).  The express language of the statute uses the word "shall;" therefore, it is mandatory.  Moreover, the D.C. Court of Appeals has likewise held that the D.C. statutes, legislative history, and relevant law "all point to the conclusion that **any action respecting a decedent's property** requires the appointment of a personal representative ... and that nonjudicial dispositions are abolished." *Richardson v. Green*, 528 A.2d 429, 430 (D.C. 1987) (emphasis added)  The fact that conformity first with the D.C. probate laws are a prerequisite to "any action respective a decedent's property" in the District of Columbia was further emphasized in *Douglas v. Lyles*, 841 A.2d 1, 3 (D.C. 2004) ("appointment of a personal representative [under D.C. law] is a **prerequisite** to probate and distribution…" *Id.* (quoting *Richardson, supra,* 528 A.2d at 430) (emphasis added).)

B.  **Prior decisions by this District Court are in accord:**   Moreover, this district court has already held that the requirements of D.C. Code § 20-341 are jurisdictional; it did so in *Estate of Manook v. Research Triangle Inst., Int'l & Unity Res. Group, L.L.C.*, 693 F. Supp. 2d 4, 17 (D.D.C. 2010)   In *Estate of Manook*, the court held that the failure of the purported foreign representative to first satisfy the requirements of D.C. Code § 20-341, in particular the failure to file proof of appointment as personal representative with the District of Columbia Register,

"prevents the Estate from bringing suit." *Id*. (citing *Bullard v. Curry-Cloonan*, 367 A.2d 127, 132 (D.C. 1976)).   In other words, as this district court held in *Manook*, it is a jurisdictional limitation.  In that same regard, the *Manook* court also held that for these same purposes, that "[t]he term personal representative is **strictly construed** under D.C. law …" *Id*.

     C.  **Maryland law is fully in accord, and recognizes that only District of Columbia law applies:**  It is a long standing legal maxim that a personal representative derives his authority from the state which has jurisdiction over the property, and the administration of an estate in one state is independent of the administration in another state. *See Johnson v. Powers*, 139 U.S. 156, 157-61, 11 S.Ct. 525, 35 L.Ed. 112 (1891) (stating plaintiff cannot bring suit as a personal representative in New York when he never received letters of administration in New York, and letters issued in Michigan did not confer any power beyond the limits of that state). Moreover, the law of the state of Maryland is in full accord. *See Randall v. State*, 223 Md.App. 519, 567-568, 117 A.3d 91 (2015) (stating that a personal representative for a Maryland decedent owning real property in another state must abide by the law of the state in which the real property is located relating to the sale and transfer of the property).

     Per the *Randall* court: an ancillary probate proceeding is an estate "administration that is auxiliary to the administration at the place of the decedent's domicile, such as one in another state[,]" and "[t]he purpose of this process is to collect assets, to transfer and record changed title to real property located there, and to pay any debts in that locality." *Id*. at 567  Furthermore, the *Randall* court held: "When initiating an ancillary administration, the personal representative must seek ancillary letters of administration from the state in which the foreign property is located; as a result, even if the domiciliary and ancillary administrator are the same person, he is considered to have 'received his authority from two distinct sovereignties, and has received

different property for which he is separately accountable according to the tenor of his several appointments.'" *Id*. at 567–68 (quoting *Baker v. Cooper,* 166 Md. 1, 8, 170 A. 556 (1934).

**#2.  Mr. Edwords has not, in fact, made *any* of the filings as required by D.C. law.**

**A. <u>Mr. Edwords has admitted that he has *not* made the required filings</u>:**  Subsequent to the Order, the movant, Frederick E. Edwords, has by his attorney <u>admitted</u> to the Court that he has <u>not</u> yet <u>opened</u> any "foreign estate before the D.C. Office of the Register of Wills" <u>as of January 31, 2024</u>.  *See* Edwords' "Supplemental Brief," filed 01/31/204, Dkt. #248, at pp.2-3.  But he also affirmatively represents to the Court that he already "**has initiated the process to open a foreign estate** before the D.C. Office of the Register of Wills." *Id*. at p.3, ¶2  That, however, is a <u>material</u> <u>misrepresentation</u> of <u>fact</u> to <u>the</u> <u>Court</u>.  No such steps have been taken.

**B. <u>As of February 14, 2023, there still has been *no* probate estate case opened in the District of Columbia for William Cartinhour, based on any foreign estate, or otherwise.</u>**

As of today's filing date-- February 14, 2024-- according to the Probate Clerk's Office of the D.C. Superior Court there is <u>no</u> record whatsoever of any opening of any "foreign estate proceedings" docket purportedly for the estate of William Cartinhour in the District of Columbia *See* "*Request for Judicial Notice as to D.C. Probate Records*," filed concurrently.  D.C. probate dockets are available online; the internet address is: " https://portal-dc.tylertech.cloud/Portal " There also is no regular probate docket (i.e., not based on a foreign estate) for Cartinhour in the District of Columbia. *See Id*.; *see also* Dkt. #245-2 at pp. 4-6 (D.C. Clerk's search record).

**C. <u>The Maryland probate docket shows no recent activity; moreover, its records disavow the Maryland estate from a claim to the property of Cartinhour's D.C. judgment.</u>**

Not until Mr. Edwords' Reply brief, filed 3/10/2023 as Dkt. #246, did he identify himself as a personal representative appointed in Maryland, in a Maryland probate case "bearing Estate

No. W106725 before the Register of Wills for Montgomery County, Maryland, on April 14, 2022." *See* "Reply in Further Support of Motion…," Dkt. #246, filed 3/10/2023, p.1, ¶1; Exh. B.

Now, in his January 31, 2024 "Supplemental Brief," Dkt. #248, Mr. Edwords has told the Court that he is currently making an "application for, and receipt of, exemplified copies of Dr. Cartinhour's Will and Mr. Edwords' Letters of Administration from the Register of Wills for Montgomery County, Maryland…" *Id*. p.3, ¶2.  But that is not true; two weeks have past and the Maryland probate court has no record of any such request. *See* "*Request for Judicial Notice as to Maryland Probate Records*," filed concurrently. In addition, the last docket activity was back on October 23, 2023. *See Id*.  Simply put, Mr. Edwords has never petitioned the Maryland court for letters of administration to open a Foreign Estate Proceeding in the District of Columbia.

More alarming, however, is the fact that Mr. Edwords also has never listed Cartinhour's D.C. civil judgment from this Court, nor these ongoing proceedings to renew that judgment, as part of the Maryland estate inventory despite being required by law to do so. *See Id*.  Maryland Code, Estates and Trusts § 7-201, and Tax - General § 7-224,  required Mr. Edwords to file an "inventory" within 3 months of his appointment which listed all "property owned by the decedent at the time of the death of the decedent, listing each item in reasonably descriptive detail, and indicating its fair market value as of the date of the death of the decedent." Maryland Code § 7-201.  That inventory was required to include "(4) Debts owed to the decedent…" *Id*. at (b)(4).  In addition, Maryland Code § 7-202 required a "a supplemental inventory" if  "[p]roperty not included in the original inventory comes to the knowledge of the personal representative…" *Id*.  Mr. Edwords was required to file these inventories under oath. *See Id.* at § 7-201, § 7-224. Likewise, Mr. Edwords was then subsequently required to file periodic "accounts" listing and describing all assets within the probate estate. *See* Maryland Code, Tax - General § 7-224,

- 6 -

§ 7-303; *see also* Maryland Rules, Rule 6-417.  Rule 6-417 makes clear this pending matter in this Court had to be included as part of an ongoing periodic Maryland estate accounting. And, all of these "accounts" were also required to be filed under oath by Mr. Edwords.  *See Id.*

Pursuant to Maryland law, Mr. Edwords made required filings in the Maryland probate case, including: (i) an "Information Report;" an (ii) "Inventory;" a (iii) "First Account;" and a (iv) "Second Account." *See* "*Request for Judicial Notice as to Maryland Probate Records*" at Dkt. ##s 25, 26, 34, 38.  He did so under oath. *See Id.*   Moreover, the Maryland probate court entered separate orders affirming both the "First Account," and the "Second Account." *Id.* at Dkt. ##s 35, 39.  But nowhere therein did Mr. Edwords list Cartinhour's D.C. civil judgment from this court, or these renewal proceedings, as property available for the Maryland probate estate. *See Id.* at Dkt. ##s 25, 26, 34, 38.  Notably, Mr. Edwords motion in this Court was filed on February 17, 2023, which was prior to his "Second Account" on October 2, 2023 that omitted the D.C. judgment (and these renewal proceedings).  Thus, is Mr. Edwords unaware of the D.C. judgment and these renewal proceedings in this Court?  Edwords' Maryland filings were under oath, so who is litigating this case to renew the judgment?  This is likely another fraud on the court; a show-cause order should be issued to find out who is really litigating this matter.

**#3.  The filings required by D.C. law are indeed a necessary precondition to empowering a foreign personal representative to act within the jurisdiction of D.C.**

The filings required by the D.C. Code are a necessary precondition.  Firstly, Mr. Edwords concedes that the filings are a required precondition, stating: "after [his] examination prompted by the Court's Order, the filing requirement in D.C. Code § 20-341(b) appears to apply in this case," and that consequently "Mr. Edwords has initiated the process to open a foreign estate before the D.C. Office of the Register of Wills." Supplemental Brief, Dkt. #248, p.2, ¶2; p.3,¶2.

Secondly, the statutory language is unequivocally mandatory.  The requirements for establishing a foreign estate proceeding and becoming a "foreign personal representative" in the District of Columbia is governed by D.C. Code, §§20-341 through 20-344, and Rule 427 of the D.C. Superior Court, Probate Division.  D.C. Code, §20-341 is statutorily subtitled as "Requirements."  And subsection (b) requires-- using the operative command language of "shall"-- that the "foreign personal representative .. **shall** file with the Register a copy of the appointment as personal representative and a copy of the decedent's will, if any, authenticated pursuant to 28 U.S.C. sec. 1738."  Subsection (a) states that "letters" are not required, but that is because letters are only required for original jurisdiction estates. *See* D.C. Code, §20-301, *et. seq*. Likewise, the foreign personal representative is required to comply first with the publication requirements of D.C. Code, §20-343 prior to removing, leasing, or transferring any property located in the District of Columbia.  The statute makes no exceptions; §20-341 does not permit a foreign personal representative to act within D.C. without first satisfying the requirements.

Thirdly, the District of Columbia Court of Appeals has made clear that the filing is a necessary precondition which triggers the foreign personal representative's authority to act in D.C., as follows: "**Upon filing a copy of the appointment as personal representative in another jurisdiction**, *see* [DC Code] § **20–341(b)**, '[a] foreign personal representative may exercise all the powers** of such office … in connection with the administration of the estate." *In re Est. of Monge*, 841 A.2d 769, 773–774 (D.C. 2004) (emphasis added)

### #4.  Any acts prior to the filings required by the D.C. Code are a nullity

Firstly, there is <u>nothing</u> in the applicable D.C. code provisions pertaining to foreign estate proceedings and the "foreign personal representative" in the District of Columbia which authorizes any type of retroactive effect for acts taken before the foreign estate is first opened in

D.C. *See* D.C. Code, §§20-341 through 20-344, and Rule 427 of the D.C. Superior Court, Probate Division.  No such interpretation is authorized by D.C. statutory law.

Secondly, because as already discussed above there is no foreign estate proceedings and no "foreign personal representative" in the District of Columbia until the filings required by the D.C. Code are made, no person has any standing to act on behalf of a still non-existent foreign estate proceeding in the District of Columbia.  Under D.C. law, "[s]tanding is a threshold jurisdictional question which must be addressed prior to and independent of a party's claims." *Grayson v. AT & T Corporation,* 15 A.3d 219, 229 (D.C. 2011) (*en banc*)  Likewise, as this district court has held: "These plaintiffs must establish their standing before they may recover for harms suffered during the decedent's lives." *Worley v. Islamic Republic of Iran*, 75 F. Supp. 3d 311, 333 (D.D.C. 2014)  The determination of standing "is a question 'governed by the law of the state which also governs the creation of the estate.'" *Id.*

Thirdly, the most important issue here is the request to renew the Cartinhour judgment. But that judgment has already expired, and pursuant D.C. Code § 15-101, once expired, an "action may not be brought on it, nor may it be revived, and execution may not issue on it." D.C. Code § 15-101.  Yet Mr. Edwords would seek to avoid that state-law time bar by attempting to bend the Federal Rules to permit a late substitution of the parties where he lacked standing when substitution was first requested (and he still lacks standing).  But the Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts." Fed R. Civ. P. 82; *see also* 28 U.S.C. § 2072(b) (the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right").  And, a "procedural rule cannot revive a lawsuit that a federal court lacks power to adjudicate at the outset."  *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 786 (4th Cir. 2019).  A federal court sitting in diversity looks to state law to determine whether a

cause of action based upon state law has expired. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464 (1945).  A state-law statute of limitations bar to a cause of action is in substance the same type of limitation as a state-law time limit for renewing a judgment governed by state law. "When a suit is deemed a 'nullity,' its filing does not toll the applicable statute of limitations and it cannot be resurrected by the substitution of parties after the expiration of the [state law deadline]." *Conley ex rel. Est. of Kerr v. Ethex Corp.*, No. CIV.A. 10-1455, 2012 WL 32445, at *12 (W.D. Pa. Jan. 5, 2012)  A filing of a request to renew a judgment when there is a complete lack of standing to make that request must be a nullity; and it can not toll what it cannot request.

Finally, Mr. Edwords cites to *Estate of Manook, supra,* 693 F. Supp. 2d 4, and contends that acts taken "before filing under § 20-341(b) are not a 'nullity'.. [and] a failure to file under §20-341(b) is a 'procedural oversight' that is curable within a period designated by the Court." Supplemental Brief, Dkt. #248, at p.3, ¶3.  That contention is incorrect as a matter of law; and the court in *Manook* held no such thing. Most importantly, in *Manook* there was <u>no</u> time-bar at issue; instead, the only issue was party substitution.  For the reasons set forth above, it is debatable whether the *Manook* court was correct to hold the matter in a short abeyance. The *Manook* court clearly believed it had the discretion to do so, but arguably it did so because a dismissal without prejudice would have only resulted in the party filing the substitution request again after curing the standing deficiency. But there was no time-bar implicated in *Manook*.

By contrast, the requested substitution here is the predicate act necessary for Edwords <u>to have standing to request</u> renewal of the judgment. But the judgment has already expired.  And Mr. Edwords has never had standing to even request substitution. Furthermore, in the Maryland probate records Mr. Edwords has *disavowed* any estate claim to the Cartinhour  judgment here.

Respectfully submitted,                    /s/  Wade Robertson _____
Dated: February 14, 2024                 Wade Robertson

- 10 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing with any exhibits thereto has been electronically filed through the court's ECF system and served by ECF service upon the parties and nonparties indicated below, this day of February 14, 2024, as follows:

<u>By ECF</u>:

**Christopher Macchiaroli** (Bar No. 491825)
Silverman, Thompson, Slutkin & White LLC
1750 K Street, NW, Suite 810
Washington, DC 20006
(202) 539-2444
cmacchiaroli@silvermanthompson.com
*Counsel for the Estate of William C. Cartinhour, Jr., through its Personal Representative Frederick E. Edwords*

**Patrick John Kearney**
SELZER GURVITCH RABIN &
OBECNY, CHARTERED
4416 East West Highway
Suite 400
Bethesda, MD 20814-4568
(301) 986-9600
Email: pkearney@sgrwlaw.com
*Counsel for William C. Cartinhour, Jr.*

**Michael J. Bramnick**
SELZER GURVITCH RABIN &
OBECNY, CHARTERED
(see above for address)
Email: mbramnick@sgrwlaw.com
*Counsel for William C. Cartinhour, Jr.*

**Robert S. Selzer**
SELZER GURVITCH RABIN &
OBECNY, CHARTERED
(see above for address)
Email: rselzer@sgrwlaw.com
*Counsel for William C. Cartinhour, Jr.*

/s/ Wade Robertson_____
Wade Robertson

Certificate of Service