IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WADE A. ROBERSTON,

     Plaintiff/Counter-Defendant,

     v.

WILLIAM C. CARTINHOUR, JR.,

     Defendant/Counter-Plaintiff

Civil Action No. 1:09-cv-01642-ABJ

**REPLY BRIEF IN RESPONSE TO PLAINTIFF WADE ROBERTSON'S
SUPPLEMENTAL BRIEF AND REQUESTS FOR JUDICIAL NOTICE**

The Estate of William C. Cartinhour, Jr. ("Estate"), through its Personal Representative Frederick E. Edwords ("Mr. Edwords" or the "Personal Representative") and pursuant to the Court's Minute Order dated February 15, 2024 ("Order"), hereby replies to Wade Robertson's ("Mr. Robertson") Supplemental Brief (the "Supplemental"), *see generally* [ECF No. 250], and also responds to Mr. Robertson's Requests for Judicial Notice, *see generally* [ECF Nos. 251, 252], and in support states the following:

1. Mr. Robertson devotes much of the first four pages of his Supplemental arguing what Mr. Edwords has already acknowledged; namely, that D.C. Code § 20-341(b) appears to apply in this case. *See* [ECF No. 248] at 2–3.

2. As such, the only argument in that portion of Mr. Robertson's Supplemental requiring a response is his contention that "the requirements of D.C. Code § 20-341 are jurisdictional." *See* [ECF No. 250] at 7. That argument addresses the third question posed by the Court in its Order as to whether the filings required

by § 20-341(b) are "a necessary precondition to empowering a foreign personal representative to act within the jurisdiction, such that any act taken prior to the filing should be treated as a nullity, or instead that such a filing is a regulatory obligation that exists separate and apart from the representative's authority to act." *See* [ECF No. 247] at 7.[1]

3.      In arguing that § 20-341(b) imposes "a jurisdictional limitation," Mr. Robertson's quotes this Court's statement in *Estate of Manook v. Research Triangle Institute, Int'l & Unity Resources Group., L.L.C.*, 693 F. Supp. 2d 4 (D.D.C. 2010), that noncompliance with § 20-341(b) "prevents the Estate from bringing suit." *Id.* at 17. However, Mr. Robertson, ignores the very next sentence – previously cited by Mr. Edwords, [ECF No. 248] at 4 – in which this Court concluded that the failure to file the foreign estate documents with the D.C. Register of Wills was a "procedural oversight" that was "curable" and, in that case, could be cured by filing the documents "within 14 days of the issuance of [the Court's] Order." *Manook*, 693 F. Supp. at 17; *see also id.* (stating that if additional plaintiff was able to produce foreign estate documents within 14 days of the Court's order, the Court would "recognize those documents to establish his right to proceed").

---

[1] Undeterred by the Court's cautioning of the parties to limit their briefing to questions set forth in the January 12, 2024 Order, [ECF No. 247] at 9–10, Mr. Roberston drifts into matters already decided by this Court (*e.g.*, the renewal of the judgment) and states his intent to file a motion for reconsideration of the Court's Order. Mr. Edwords will limit the substance herein to the questions the Court has asked the parties to address, and will weigh in on any other matters if and when the Court directs him to do so.

4.      Only later in his Supplemental does Mr. Robertson address *Manook*'s decision to "hold the matter in short abeyance," and, in so doing, questions the Court's logic for that decision as "debatable" before arguing that this case is distinguishable because there was "no time-bar in *Manook*." [ECF No. 250] at 14.  Both points are wrong.

5.       On the first point, as far as this Court's case law is concerned, there is no "debate" about *Manook*'s analysis.  *See Est. of Scherban v. Suntrust Bank*, No. CV 15-1966 (JEB), 2016 WL 777913, at *2 (D.D.C. Feb. 26, 2016) (agreeing with *Manook*'s analysis of § 20-341(b)).

6.      As for the second point, the existence of a "time-bar" is no moment to the jurisdictional question.  "Clearly, a question cannot be both discretionary and jurisdictional: the federal courts have no discretion to hear cases outside their jurisdiction."  *LaShawn A. v. Barry*, 87 F.3d 1389, 1397 (D.C. Cir. 1996) (*In Banc*). Thus, if the failure to comply with § 20-341(b) constitutes a jurisdictional defect, the Court in *Manook* would have lacked any discretion to allow the plaintiffs to "cure" it, time-bar or not.   Indeed, as provided in FED. R. CIV. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  *See also Better Markets, Inc. v. United States Dep't of Just.*, 83 F. Supp. 3d 250, 254 (D.D.C. 2015) ("Absent standing by the plaintiffs, the Court lacks subject matter jurisdiction to hear the claim and dismissal is mandatory.").   There was no dismissal for lack of subject matter jurisdiction in *Manook*, so the same result should follow here.

7.     In the next portion of his Supplemental, Mr. Robertson accuses Mr. Edwords of making a "material misrepresentation of fact to the Court" about his efforts to comply § 20-341(b).  *See* [ECF 250] at 9.  Specifically, Mr. Robertson asserts that Maryland and D.C. probate records, which he asks the Court to judicially notice, support this allegation.  Mr. Roberston's accusation is unfounded.

8.     Initially, to be clear, Mr. Edwords does not object to the Court judicially noticing the publicly available Maryland and D.C. probate records.  But such judicial notice is of no help to Mr. Robertson because those records do not reflect the steps thus far taken by Mr. Edwords to comply with § 20-341(b).  As represented in his initial filing prompted by the Court's Order, Mr. Edwords has been working diligently to comply with § 20-341(b), and will continue to do so until the foreign estate is opened.

9.     Next, Mr. Robertson points to the Maryland probate records as showing that Mr. Edwords "has never listed Cartinhour's D.C. civil judgment from this Court, nor these ongoing proceedings to renew that judgment, as part of the Maryland estate inventory."  *See* [ECF No. 250] at 10–11.  To be clear, Mr. Edwords was under no obligation to do so.  *See, e.g., Randall v. State*, 223 Md. App. 519, 565 (2015) (explaining that foreign <u>real</u> property must be listed on the <u>information report</u>, but <u>not</u> the <u>inventory</u>); *see also* MD. RULE 6-404 (information report).  On the contrary, Mr. Robertson's misguided dissection of the Maryland probate record appears to have no purpose other than to set up another unfounded accusation of "fraud on the [C]ourt."  *See* [ECF No. 250] at 11.  In so doing, Mr. Robertson returns to a familiar

4

pattern of "frivolous and abusive filings" that the Court recently cautioned him to avoid.[2] *See* [ECF No. 247] at 9.

10.     In sum, and returning to the matters the parties have been directed to address, Mr. Edwords is in the process of opening a foreign estate for Dr. Cartinhour with the Register of Wills in the District of Columbia.  That process continues in earnest.  Mr. Edwords requests that the Court give him an additional forty-five (45) days to complete these steps, at which time (or before) he will promptly notify the Court that this foreign estate has been opened.  Mr. Edwords further requests that the Court, upon timely receipt of such notice, grant his motion for substitution.

Dated: February 21, 2024                    Respectfully submitted,

                                            /s/ *Christopher Macchiaroli*
                                            Christopher Macchiaroli (Bar No. 491825)
                                            SILVERMAN THOMPSON SLUTKIN WHITE, LLC
                                            1750 K Street, NW, Suite 810
                                            Washington, DC 20006
                                            (202) 539-2444
                                            cmacchiaroli@silvermanthompson.com

                                            *Counsel for  Frederick E. Edwords, Personal Representative of the Estate of William C. Cartinhour, Jr.*

---

[2] Mr. Edwords is constrained to add that there is no question about his authority to litigate this matter.  The relevant statute provides that, with certain exceptions not applicable here, "[a] personal representative may prosecute, defend, or submit to arbitration actions, claims, or proceedings in any appropriate jurisdiction for the protection or benefit of the estate, including the commencement of a personal action which the decedent might have commenced or prosecuted[.]"  *See* MD. CODE ANN., EST. & TRUSTS § 7-401(y)(1) (emphasis added); *see also Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 85 (D.D.C. 2017) (recognizing that estate's power to bring and maintain legal claims is "governed by the law of the state which also governs the creation of the estate" (citation omitted)).